

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## No. 02-14-00461-CR
## No. 02-14-00462-CR
## No. 02-14-00463-CR

SHAWN NICKLOS KHONDOKER                    APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NOS. 1368890D, 1368891D, 1370504D

----------

## MEMORANDUM OPINION[1]

----------

After Appellant, Shawn Nicklos Khondoker, entered open pleas of guilty, the trial court found him guilty of the offenses of (1) theft of a firearm in trial court cause number 1368890D (appellate court cause number 02-14-00461-CR), (2) burglary of a habitation (committed on April 14, 2014) in trial court cause number

----------

[1]See Tex. R. App. P. 47.4.

1368891D (appellate court cause number 02-14-00462-CR), and (3) burglary of a habitation (committed on April 28, 2014) in trial court cause number 1370504D (appellate court cause number 02-14-00463-CR), and sentenced him to confinement for nine months in the State Jail Division of the Texas Department of Criminal Justice for the offense of theft of a firearm and, for each of the convictions for burglary of a habitation, six years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered all three sentences to run concurrently.

Appellant's appointed appellate counsel filed on March 6, 2015, a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Thereafter, on March 10, 2015, we informed Appellant by letter that his court-appointed counsel had filed a motion to withdraw and a brief in support of that motion and, further, that if he wanted to examine the record and file a pro se response, he had to file his pro se motion for access to the appellate record by March 24, 2015, otherwise we would assume he did not want to file a response.

Appellant responded on March 23, 2015, by filing a pro se motion for access to the appellate record. On the same date, we granted Appellant's motion in part and ordered the trial court clerk to make the record available to Appellant by April 6, 2015, and to provide us with notification, also by April 6,

2

2015, that the clerk had made the record available to Appellant. In compliance with our order, on April 6, 2015, a Tarrant County deputy district clerk filed in this court a notice stating that she had made the appellate record available to Appellant in the county jail library. Now that Appellant had access to the record, we informed him on April 8, 2015, by letter that he had until June 8, 2015, to file his pro se response and that if he did not file a response by that date, we would assume that he did not intend to file one.

On June 11, 2015, Appellant filed a pro se motion to extend time to file his response so that he could find an attorney. Additionally, Appellant informed us he wanted to keep his appeals not for the purpose of correcting error but for the purpose of obtaining a "time cut," that is, for the purpose of obtaining a shorter sentence. However, because Appellant failed to reasonably explain the need for an extension, we denied his motion on June 17, 2015. On June 25, 2015, Appellant filed a pro se motion to reconsider our previous order and, citing the difficulty he was having going to the library, to grant him an extension of time to file a response. On June 30, 2015, we denied Appellant's pro se motion to reconsider.

On June 29, 2015, the State filed a response in which it agreed with Appellant's court-appointed counsel that there were no arguable grounds for relief and that the appeals were frivolous. As of the date of the issuance of this opinion, Appellant has not filed a pro se response or any additional motions to extend time to file a pro se response.

3

Once an appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, the State's response, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment in each cause number.

As a result of our disposition of these cases, Appellant's court-appointed counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* Tex. R. App. P. 48.4; *In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008) (orig. proceeding). Should Appellant wish to pursue review of his cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* Tex. R. App.

P. 68.2. Additionally, any petition for discretionary review must be filed with the Texas Court of Criminal Appeals and should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See* Tex. R. App. P. 68.3(a), 68.4; *Schulman*, 252 S.W.3d at 408 n.22.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 24, 2015

5